IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES I. BURLISON, RODNEY L. )
WAITS, and BUFORD O'NEAL )
TANKERSLEY, )
 )
    Plaintiffs, )
 )
v. ) No. 04-2597 Ml/P
 )
UNITED STATES OF AMERICA, )
 )
    Defendant. )

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's Motion to Dismiss, filed January 27, 2005. Plaintiff filed an opposition on March 29, 2005. For the following reasons, Defendant's motion is DENIED.

Plaintiff brings this action pursuant to 28 U.S.C. § 2409 to quiet title to a purported easement over part of the Lower Hatchie National Wildlife Refuge located in Lauderdale County, Tennessee, to and from property held by Plaintiffs.[1] Defendant moves to dismiss Plaintiff's action based upon the statute of limitations.

A defendant may move to dismiss a purportedly untimely claim "for failure to state a claim upon which relief can be granted"

---

[1] Section 2409 provides that "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409.

under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, a court must treat all of the well-pleaded allegations of the complaint as true. Saylor v. Parker Seal Co., 975 F.2d 252, 254 (6th Cir. 1992). Furthermore, the court must construe all of the allegations in the light most favorable to the non-moving party. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). "A court may dismiss a [claim under 12(b)(6)] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

An action under § 2409 must be brought within twelve years of the date upon which it accrued. 28 U.S.C. § 2409a. Such an action accrues "on the date the plaintiff or his predecessor in interest knew or should have known of the claim of the United States." Id. The parties point to, and the Court has found through its own research, no legal authority within the Sixth Circuit interpreting § 2409a. Accordingly, the Court looks to the interpretation of other Circuit Courts of Appeal in order to resolve Defendant's motion.

Under § 2409a, a plaintiff knows or should know of such a claim of the United States when "the government, 'adversely to the interests of plaintiffs, denie[s] or limit[s] the use of the [easement] for access to plaintiffs' property.'" Michel v. United States, 65 F.3d 130, 132 (9th Cir. 1995)(finding

2

plaintiff's claim of access to trails across wildlife refuge did not accrue until plaintiffs knew or should have known the government claimed an exclusive right to deny their access to those trails)(quoting Werner v. United States, 9 F.3d 1514, 1516 (11th Cir. 1993)).  When the plaintiff claims a non-possessory interest such as an easement, the mere knowledge of the government's claim of ownership does not trigger the statute of limitations. Michel, 65 F.3d at 132;[2] see also Werner, 9 F.3d at 1516 (finding limitations period on plaintiffs' claim of an easement over government land had not run even though plaintiffs knew of the government's title for more than twelve years).

In the case at bar, Defendant contends that Plaintiffs' cause of action accrued in November of 1991, when the United States' claim of a controlling interest in the access road was purportedly set forth in special use permits accepted by Plaintiffs' predecessors in interest.  However, the existence of

---

[2] As the Michel Court noted:
> A contrary holding would lead to premature, and often unnecessary, suits.  If a government claim to title were sufficient to trigger the running of the limitations period on any claim affecting use of the property, a claimant of a right of access would be forced to bring suit within twelve years even though the government gave no indication that it contested the claimant's right.  The claimant would be compelled to sue to protect against the possibility, however remote, that the government might someday restrict the claimant's access.  The statute should not be read to create such an undesirable result.

Michel, 65 F.3d at 132.

3

a special use permit does not necessarily indicate the Government's contestation of the existence of an easement. See Roth v. United States, 326 F.Supp.2d 1163, 1168 (D. Mont. 2003)(finding existence of special use permit to build dam and reservoir did not indicate that the Government necessarily contested the presence of an easement for the dam and reservoir). Moreover, Plaintiffs contend that they were not aware that Defendant was asserting a right to exclude Plaintiffs from its property until December of 2002, well within the 12-year filing period. Accordingly, treating all of the well-pleaded allegations in the Complaint as true and construing those allegations in the light most favorable to the Plaintiff, genuine issues of material fact exist regarding whether Plaintiffs timely filed their Complaint. Defendant's motion to dismiss is therefore DENIED.

So ORDERED this 13th day of June, 2005.

_____
JON P. MCCALLA
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 38 in case 2:04-CV-02597 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

---

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

J. Houston Gordon
LAW OFFICES OF J. HOUSTON GORDON
114 W. Liberty Ave.
Ste. 300
Covington, TN 38019--084

Honorable Jon McCalla
US DISTRICT COURT